IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN J. BOLUS, ET AL.,** | : | |
| | : | **Civil Case No. 4:15-CV-1062** |
| Plaintiffs | : | |
| | : | |
| v. | : | **Judge Matthew W. Brann** |
| | : | |
| **AMY CARNICELLA, ET AL** | : | |
| Defendants | : | **FILED ELECTRONICALLY** |

### DEFENDANTS' MOTION FOR STAY PENDING RESOLUTION OF RELATED CRIMINAL CHARGES

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Defendants, Amy Carnicella, Robert Stewart, III, Richard Bosco, David Ellis, Christopher Antonucci, Kathleen G. Kane, and the Office of Attorney General, by their counsel, respectfully move to stay this action pending resolution of related criminal charges. In support hereof, Defendants state:

1. The Complaint in this matter was filed on May 29, 2015 and raises violations of the Fourth, Fifth, and Fourteenth Amendments as well as a Policies, Practices, and Customs claim in violation of 42 U.S.C. § 1983, a civil conspiracy claim under 42 U.S.C. § 1985, and various state law claims. Doc. 1.

2. The Complaint seeks compensatory and punitive damages along with declaratory and injunctive relief. *Id*.

3. Plaintiffs claim the Defendants improperly obtained and executed five search warrants on May 29, 2013 in connection with a statewide grand jury investigation. *Id.* at ¶¶32, 34, 39-40.

4. Plaintiffs further claim Defendants unlawfully seized over $12 million worth of property and froze over $22 million worth of Plaintiffs' business, personal, and retirement bank accounts. *Id.* at ¶¶37-43, 45.

5. As a result of the grand jury investigation, criminal charges were filed and remain pending in the following cases:

Montour County Court of Common Pleas

*Commonwealth v. Minuteman Towing, Inc.*, CP-47-CR-0127-2015
*Commonwealth v. Minuteman Spill Response, Inc.*, CP-47-CR-0128-2015
*Commonwealth v. Brian Joseph Bolus*, CP-47-CR-0129-2015

Northumberland County Court of Common Pleas

*Commonwealth v. Minuteman Various Companies*, CP-49-CR-1178-2014
*Commonwealth v. Brian Joseph Bolus*, CP-49-CR-1178-2014

A copy of the corresponding docket sheets for these actions are attached as **Exhibit 1**.

6. Plaintiff Brian J. Bolus was the President and sole shareholder of Minuteman Spill Response, Inc. Doc. 1, ¶19.

7. On April 18, 2014, Minuteman Spill Response, Inc. filed for Bankruptcy under Chapter 11. *See*, *In re: Minuteman Spill Response, Inc.,* No. 4:14-bk-01825-JJT.

8. On September 3, 2014, Minuteman Spill Response, Inc. filed an Adversary Complaint within the Bankruptcy case against five of the same Defendants accused in this case (Carnicella, Stewart, Bosco, Antonucci, and the Office of Attorney General). *See*, *In re: Minuteman Spill Response, Inc.,* No. 4:14-bk-01825-JJT, Doc. 190. A copy of the Adversary Complaint is attached as **Exhibit 2**.

9. The adversary action was brought pursuant to 42 U.S.C. § 1983 seeking: 1) monetary damages against Defendants, and 2) the return of property that was seized pursuant to a lawfully issued warrant based on allegations that Defendants violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Doc. 190, ¶14, Counts I, II, III.

10. Defendants filed a motion to dismiss the Adversary Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that, *inter alia*:

> a. The *Younger* doctrine bars the Federal Bankruptcy Court from reviewing a state court judge's warrant and the manner of execution of the warrant prior to the conclusion of the state criminal proceedings, *Younger v. Harris,* 401 U.S. 37 (1971);

    b.  Minuteman Spill Response can challenge the search warrants through suppression motions filed pursuant to Pa.R.Crim.P. 581 ("Suppression of Evidence"); and,

    c.  Minuteman Spill Response can compel the return of its property through a motion filed pursuant to Pa.R.Crim.P. 588 ("Motion for Return of Property").

11.    The motion to dismiss has been fully briefed and is awaiting a decision.

12.    During the pendency of the Bankruptcy matter, Minuteman Spill Response, Inc. also filed a motion to compel turnover of certain property that was seized pursuant to the above-referenced search warrants. *In re: Minuteman Spill Response, Inc.*, No. 4:14-bk-01825-JJT.

13.    On July 22, 2015, the motion was resolved. The Commonwealth was ordered to designate documents and property to be released to Minuteman Spill Response, Inc., and make available to the Trustee, for inspection and copying, all remaining documents or records in the Commonwealth's possession. *Id.* Doc. 746. A copy of the Bankruptcy Court order is attached as **Exhibit 3**.

14.    The Complaint in this matter was mailed to Defendants, along with waivers, on June 5, 2015.

15. Defendants subsequently waived service of the Complaint, making their responsive pleading due on August 5, 2015.

16. As indicated above, the Complaint raises violations of the Fourth, Fifth, and Fourteenth Amendments as well as a Policies, Practices, and Customs claim in violation of 42 U.S.C. § 1983, and seeks compensatory and punitive damages along with declaratory and injunctive relief. *Id*.

17. Of particular note, Plaintiffs ask this Court to direct the Defendants to return the personal property seized pursuant to the search warrants and release all frozen bank accounts. *Id*. at p. 23, "wherefore" clause.

18. Plaintiffs also demand damages, claiming the search warrants were illegally obtained, improperly used, and the manner of execution caused the Plaintiffs' to suffer substantial economic loss, pain and suffering, and emotional distress. *Id*. at ¶¶94, 100-101.

19. Pursuant to the Local Rules, discovery into these claims will commence upon the filing of a pleading responsive to the Complaint. LR 26.4.

20. The scope of discovery that can be conducted at this time will be severely limited due to the pending criminal charges.

21. Moreover, the scope of discovery that needs to be conducted, specifically in regards to the nature and extent of the Plaintiffs' alleged damages will be established based upon the outcome of the criminal proceedings.

22. Particularly, Plaintiffs will have the opportunity to challenge the legality of the grand jury search warrants during the course of the above-referenced criminal proceedings. *See* Pa.R.Crim.P. 581.

23. Plaintiffs' success on a suppression motion may have significant legal implications on the defenses raised to this action.

24. Consequently, engaging in discovery at this time will frustrate the interests of judicial economy.

25. Therefore, Defendants seek to have this civil action stayed pending the resolution of the criminal proceedings listed in Paragraph 5.

26. Counsel for Plaintiffs does not concur in this motion.

WHEREFORE, Defendants respectfully request that this Honorable Court stay all further proceedings in this case until the criminal proceedings have been resolved.

                                                **Respectfully submitted,**

                                                KATHLEEN G. KANE
                                                Attorney General

                                      By:   *s/ Keli M. Neary*
                                            KELI M. NEARY

**Office of Attorney General**            **Deputy Attorney General**
**15th Floor, Strawberry Square**      **Attorney ID 205178**
**Harrisburg, PA 17120**
**Phone: (717) 787-1180**                 **KENNETH L. JOEL**
**Fax:    (717) 772-4526**                   **Chief Deputy Attorney General**
[kneary@attorneygeneral.gov](kneary@attorneygeneral.gov)        **Chief, Civil Litigation Section**

**Date:  August 5, 2015**                   **Counsel for Defendants:**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN J. BOLUS, ET AL.,** | : | |
| | : | **Civil Case No. 4:15-CV-1062** |
| **Plaintiffs** | : | |
| | : | |
| v. | : | **Judge Matthew W. Brann** |
| | : | |
| **AMY CARNICELLA, ET AL** | : | |
| **Defendants** | : | **FILED ELECTRONICALLY** |

## CERTIFICATE OF NONOCCURRENCE

I, Keli M. Neary, Deputy Attorney General, hereby certify that I sought Plaintiffs' concurrence in Defendants' motion to stay and hereby certify that Plaintiffs' counsel does not concur in this motion.

                                              /s/ *Keli M. Neary*
                                              **KELI M. NEARY**
                                              **Deputy Attorney General**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN J. BOLUS, ET AL.,** | : | |
| | : | **Civil Case No. 4:15-CV-1062** |
| **Plaintiffs** | : | |
| | : | |
| v. | : | **Judge Matthew W. Brann** |
| | : | |
| **AMY CARNICELLA, ET AL** | : | |
| **Defendants** | : | **FILED ELECTRONICALLY** |

## CERTIFICATE OF SERVICE

I, Keli M. Neary, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on AUGUST 5, 2015, I caused to be served a true and correct copy of the foregoing document titled DEFENDANTS' MOTION TO STAY by electronic filing to the following:

Daniel D. Haggerty, Esquire
KANG HAGGERTY & FETBROYT, LLC
123 South Broad Street, Suite 1670
Philadelphia, PA 19109
dhaggerty@lawkhf.com
*(Counsel for Plaintiffs)*

/s/ *Keli M. Neary*
**KELI M. NEARY**
**Deputy Attorney General**