# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN J. BOLUS, *et al.*, | No. 4:15-CV-01062 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| AMY CARNICELLA, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### FEBRUARY 20, 2020

## I.  BACKGROUND

The Pennsylvania Office of Attorney General, acting as purported counsel for Defendant Robert B. Stewart, III, has moved the Court "for summary judgment on all claims in Plaintiffs' Joint Amended Complaint <u>against Stewart</u> because he is deceased."[1]  Stewart's motion is now ripe for disposition.  For the following reasons, the Court denies Stewart's motion.

## II.  DISCUSSION

### A.  Standard of Review

I begin my analysis with the standard of review which undergirds summary judgment.  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it

---

[1]  ECF No. 117 at 1 (emphasis in original).

should be interpreted in a way that allows it to accomplish this purpose."[2]

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[4] "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[5] "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[6]

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[7] Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[3] Fed. R. Civ. P. 56(a).

[4] *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) and *Celotex*, 477 U.S. at 322).

[5] *Clark*, 9 F.3d at 326.

[6] *Id.*

[7] *Liberty Lobby, Inc.*, 477 U.S. at 252.

minded jury could return a verdict for the plaintiff on the evidence presented."[8] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[9] "The judge's inquiry, therefore, unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'"[10] The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[11] "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[12]

---

[8] *Id.*

[9] *Id.*

[10] *Id. (quoting Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).

[11] *Celotex*, 477 U.S. at 323 (internal quotations omitted).

[12] *Id.*

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[13] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i) "citing to particular parts of materials in the record" that go beyond "mere allegations"; (ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[14]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"[15] Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[16] On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[17]

---

[13] *Liberty Lobby*, 477 U.S. at 250.

[14] Fed. R. Civ. P. 56(c)(1).

[15] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003) (Weis, J.).

[16] Fed. R. Civ. P. 56(e)(2).

[17] Fed. R. Civ. P. 56(c)(3).

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[18] "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[19] "If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted."[20]

### B. Undisputed Facts

With that standard outlining the Court's framework for review, I now turn to the undisputed facts of this matter.

Defendant Robert B. Stewart, III was employed by the Pennsylvania Office of Attorney General as a prosecutor from January 2, 2008 through August of 2015.[21]

On April 18, 2014, the Plaintiff entity Minuteman Spill Response, Inc. ("MSRI") filed for Chapter 11 bankruptcy with the United States Bankruptcy Court for the Middle District of Pennsylvania.[22] On September 3, 2014, MSRI initiated an adversary proceeding (the "MSRI Litigation"), naming Stewart as a

---

[18] *Liberty Lobby*, 477 U.S. at 249.

[19] *Id*.

[20] *Id*. at 249–50 (internal citations omitted).

[21] ECF No. 118 at ¶ 2.

[22] ECF No. 118 at ¶ 4.

defendant.[23] On May 29, 2015, Plaintiffs Brian and Karen Bolus (individually, and on behalf of their minor son, "P.B.") filed a complaint (the "Bolus Litigation") naming Stewart as a defendant.[24] On May 23, 2017, this Court consolidated the MSRI Litigation and the Bolus Litigation into this case, which is docketed at case number 4:15-CV-1062.[25]

On November 21, 2017, the *Huntingdon Daily News* published an obituary indicating that Stewart had died on November 16, 2017 "after a brief but courageous battle with pancreatic cancer."[26] On December 12, 2017, Plaintiffs filed a Joint Amended Complaint in this case. Plaintiffs named Stewart as a defendant but stated that "[o]n information and belief, Defendant Stewart passed away within the last several weeks. Plaintiffs are unaware of any Estate having been raised."[27]

### C. Analysis and Conclusion

Stewart's motion has a fatal threshold procedural deficiency. The Pennsylvania Office of Attorney General has filed this motion on Stewart's behalf.[28] And the Office of Attorney General argues that, per earlier notices of

---

[23] ECF No. 118 at ¶ 5.
[24] ECF No. 118 at ¶ 6.
[25] ECF No. 118 at ¶ 10.
[26] ECF No. 118 at ¶ 11.
[27] ECF No. 118 at ¶ 12.
[28] *See, e.g.*, ECF No. 117.

appearance, it represents Stewart.[29] But Stewart's death severed the attorney-client relationship. Simply put, the Office of Attorney General is no longer Stewart's attorney. The Office of Attorney General, then, lacks standing to bring this motion. This compels dismissal.[30]

Therefore, **IT IS HEREBY ORDERED** that Defendant Stewart's Motion for Summary Judgment, ECF No. 117, is **DENIED.**

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[29] ECF No. 144 at 15; *see* ECF Nos. 83 and 104.

[30] *See Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012) (holding that "the Government's representation of [a correctional officer] ended when [the officer] died"). The Office of Attorney General argues that because it is representing Stewart, and not Stewart's estate, *Giles* should not apply. *See* ECF No. 144 at 14-15. But the more general principle that *Giles* presents—that an attorney's representation of a client ends when the client dies—does indeed apply here. *See also Bass v. Attardi*, 868 F.2d 45, 50 n.12 (3d Cir. 1989) (counsel lacked standing to act on behalf of former defendant because "[c]ounsel's attorney-client relationship with [defendant] ceased at [defendant's] death"); *United States v. Dwyer*, 855 F.2d 144, 145 (3d Cir. 1988) ("the attorneys here, who represented [defendant] at his criminal trial, lacked legal authority to act as his agents after his death and thus had no standing to move to abate his conviction").