# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN J. BOLUS, *et al.*, | No. 4:15-CV-01062 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| AMY CARNICELLA, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 22, 2020

## I.    BACKGROUND

Plaintiffs Brian J. Bolus, Karen Bolus, Preston Bolus, and Minuteman Spill Response Inc. move for discovery sanctions and move to compel.[1] This request pertains to depositions held in October 2019 and January 2020.[2] Plaintiffs request a Court order that the offending witnesses be re-produced for another round of depositions and "respond to all Plaintiffs' questions they evaded answering" before.[3] Plaintiffs also request sanctions of costs and attorney fees related to filing the instant motions and to re-deposing the offending witnesses.[4]

---

[1]    *See* Docs. 155, 155-1.
[2]    Doc. 155 at ¶ 1.
[3]    Doc. 155-1 at ¶ 2.
[4]    Doc. 155-1 at ¶ 1.

## II. FACTS AND PROCEDURAL HISTORY[5]

### A. The Depositions

Plaintiffs deposed Amy Carnicella, a Deputy Attorney General who directed the investigation into Plaintiffs that underlies this litigation, on January 13, 2020. Plaintiffs also deposed two other witnesses, Kevin Wevodau on October 30, 2019, and Glenn Parno on October 31, 2019. Finally, Plaintiffs deposed Paul Zimmerer, a supervising investigator, on January 8, 2020.

According to Plaintiffs, the deponents' counsel directed the deponents not to answer questions without a permissible reason underlying this direction, "repeatedly raised improper objections and speaking objections, and coached the deponents throughout the depositions."[6] The Commonwealth Defendants concede that one of deponents' counsel, Anthony Bowers, Esq., gave one improper instruction not to answer.[7]

Also according to Plaintiffs, Carnicella responded with "I don't know," "I don't recall," and other kindred sentences no fewer than 377 times during her deposition.

### B. Plaintiffs' Certificate of Non-Concurrence

Plaintiffs provided a Certificate of Non-Concurrence along with their motion. The Certificate asserts that Plaintiffs' counsel contacted Defendants'

---

[5] For background on the core dispute and its underlying facts, reference ECF Nos. 73 and 103. This discussion focuses on Plaintiffs' motion.
[6] Doc. 157 at 2.
[7] Doc. 161 at 9.

counsel regarding concurrence with their motion, and that "counsel for Defendants indicated that Defendants oppose the relief requested."[8]

## III.   DISCUSSION

### A.   Defendants' counsel's assertions of privilege during the depositions were improper.

Defendants argue that Attorney Bowers properly instructed the deponents not to answer out of concern for the absolute immunity afforded to prosecutors.[9] But Defendants misinterpret the scope of the protection that absolute immunity affords.  In my September 14, 2018 Memorandum Opinion resolving Defendants' Motion for Judgment on the Pleadings, I expressly withheld judgment on the issue of absolute immunity.  In *dicta*, I noted the contours of absolute immunity's potential protection in this case.  But then, drawing inferences in favor of Plaintiffs, I held that "absolute immunity cannot be granted to Ms. Carnicella and Mr. Stewart at this time."  I specified that Defendants Carnicella and Robert B. Stewart, III—both prosecutors—were "free to raise th[e] issue [of absolute immunity] again at the summary judgment stage, <u>after the development of a factual record</u>."[10]

Defendants have now amplified that decision and tried to use it to block Plaintiffs from developing the factual record in the first place.  This is not appropriate.  Defendants can invoke absolute immunity later as a shield from

---

[8]   Doc. 155-2.
[9]   *See* Doc. 161 at 4-9.
[10]   Doc. 73 at 7-8 (emphasis added).

liability.  But the specter of potential absolute immunity can't act as a privilege preventing Plaintiffs from discovering information before the Court has made an express holding on whether absolute immunity applies.  Defendants have presented no authority in support of this proposition, which, in the Court's view, is a bridge too far.[11]

Because Defendants' counsel prematurely and inappropriately invoked the doctrine of absolute prosecutorial immunity in a deposition setting, Defendants' counsel's assertion of privilege during the deposition were improper.

### B.     Carnicella did not discharge her duty as a deponent.

If "a deponent fails to answer a question asked under Rule 30," or provides an answer that is "evasive or incomplete," then a motion to compel the deposition testimony may be filed.[12]

A party's supplying of "a number of instances where [a deponent] provided non-responsive or evasive answers to deposition questions" can serve as grounds for a finding that the deponent "impeded and delayed the examination" as well as a

---

[11] The Court notes the line of cases established by the Honorable Emmet G. Sullivan in *Chang v. United States*, 246 F.R.D. 372 (D.D.C. 2007).  First, *Chang* is distinguishable; in *Chang*, Judge Sullivan held that absolute immunity was in fact implicated.  *Id.* at 373.  Second, *Chang* does not appear to have found purchase with the United States Court of Appeals for the Third Circuit; it thus acts as only persuasive authority.  Third, a competing line of also-persuasive cases in the district courts of the United States Court of Appeals for the Ninth Circuit, and the Ninth Circuit itself, holds that prosecutors can be deposed concerning acts that are protectable under prosecutorial immunity.  *See, e.g.*, *Norton v. Arpaio*, No. CV-15-00087-PHX-SPL, 2016 WL 11513612, at *2 (D. Ariz. Aug. 4, 2016); *Colonies Partners LP v. Cty. of San Bernardino*, No. 518CV00420JGBSHKX, 2019 WL 7905894, at *5 (C.D. Cal. Dec. 5, 2019).

[12] *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 214 (E.D. Pa. 2008).

court order compelling a further response.[13] In keeping, "[c]ourts have determined sanctions to be warranted where there is a continual failure to answer questions at deposition, or answers are evasive or non-responsive."[14]

As I stated above, Carnicella responded with "I don't know," "I don't recall," and other comparable sentences no fewer than 377 times during her deposition. In the Court's view, Carnicella impeded and delayed her examination through these non-responsive answers.[15]

Because of the high frequency of her non-responsive answers, Carnicella did not discharge her duty as a deponent.

    **C.**     **Plaintiffs did not comply with the requirements of the Middle District of Pennsylvania's Local Rule 26.3 and of Federal Rule of Civil Procedure 37(a)(1).**

Though Plaintiffs have complied with Middle District of Pennsylvania Local Rule 7.1 by providing a Certificate of Non-Concurrence, "a certificate of nonconcurrence in a motion does not eliminate the need for counsel to comply with LR 26.3."[16] Plaintiffs' counsel's attempt to conjure compliance via statements that

---

[13]   *See Ndubizu v. Drexel Univ.*, No. CV 07-3068, 2009 WL 10685092, at *1 n.1 (E.D. Pa. Dec. 29, 2009).

[14]   *Reed v. Lackawanna Cty.*, No. 3:16-CV-02143, 2018 WL 6322966, at *3 (M.D. Pa. Dec. 4, 2018).

[15]   *See Ndubizu v. Drexel Univ.*, No. CV 07-3068, 2009 WL 10685092, at *1 n.1 (E.D. Pa. Dec. 29, 2009); *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 193 (E.D. Pa. 2008); *see generally Andrews v. Holloway*, 256 F.R.D. 136, 141 (D.N.J. 2009)

[16]   *Moyer v. Berdanier*, No. 3:CV-11-1811, 2013 WL 704483, at *4 (M.D. Pa. Feb. 26, 2013).

he discussed one of the two offending issues "at length in all the depositions" does not pass this Court's muster.[17]

A party's failure to provide the required Local Rule 26.3 certification before bringing a discovery motion provides the court with a freestanding reason to deny the motion.[18] As a court with a similar local rule explained, this kind of local court rule is "designed to encourage professionalism and collegiality among litigators and avoid unnecessary court intervention, protracted legal proceedings and needless expense and fees. Zealous advocacy does not excuse a 'belligerent and uncompromising approach to the discovery process.'"[19]

In this case, Plaintiffs' failure to comply with Local Rule 26.3 dovetails with their failure to comply with Federal Rule of Civil Procedure 37(a)(1), which mandates that a party seeking sanctions "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[20] The synthesis of these two failures drives the Court to, despite noting the above

---

[17] *See* Doc. 166 at 7-8; *see Lofton v. Wetzel*, No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 29, 2015) (plaintiff's assertion that he "attempted to resolve the discovery dispute by way of correspondence" "[fell] short of the Local Rule 26.3 mark").

[18] *See Han Tak Lee v. Tennis*, No. 4:CV-08-1972, 2012 WL 2905384, at *3 (M.D. Pa. July 16, 2012).

[19] *Hilton-Rorar v. Sate and Federal Communications, Inc.*, Case No. 5:09–CV–01004, slip. op. at 3 (N.D. Ohio, filed Jan. 7, 2010) (*cited by Bialko v. Quaker Oats*, No. 08-cv-0364, 2010 WL 11553253, at *1 (M.D. Pa. Mar. 2, 2010) (Vanaskie, J.)).

[20] *See Bialko v. Quaker Oats*, No. 3:CV-08-0364, 2010 WL 11553253, at *1 (M.D. Pa. Mar. 2, 2010), *aff'd sub nom. Bialko v. Quaker Oats Co.*, 434 F. App'x 139 (3d Cir. 2011) (explaining that a "meaningful dialogue to resolve disputes" is required); *Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186-87 (3d Cir. 2003) (parties' unilateral ultimatum did not constitute requisite good faith dialogue).

discovery errors, deny this motion without prejudice as a premature and inappropriate attempt to seek "court intervention" and "court action."[21]

## IV. CONCLUSION

The Court denies Plaintiffs' motion without prejudice. Plaintiffs are free to request this relief again after pursuing "a more direct attempt at extrajudicial resolution."[22] An accompanying Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[21] The context of sanctions, and the gravity of that judicial remedy, distinguishes this scenario from the one that the Court faced earlier in this case and resolved at *Bolus v. Carnicella*, No. 4:15-CV-01062, 2020 WL 930329 (M.D. Pa. Feb. 26, 2020).

[22] *Hoffman v. Champion Power Equip., Inc.*, No. 4:15-CV-01828, 2017 WL 2535954, at *2 (M.D. Pa. June 12, 2017) (Brann, J.).