**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRIAN J. BOLUS, *et al.*,

        Plaintiffs,

    v.

AMY CARNICELLA, *et al.*,

        Defendants.

No. 4:15-CV-01062

(Judge Brann)

**MEMORANDUM OPINION**

**OCTOBER 22, 2020**

    Pending before this Court is Plaintiffs' Motion for Leave to File the Second Amended Complaint[1] and Plaintiffs' Motion to Substitute.[2]  Both motions are now ripe for disposition; for the reasons that follow, Plaintiffs' motion to amend is granted in part and denied in part, and Plaintiffs' motion to substitute is denied.

**I.  BACKGROUND[3]**

    **A.  Procedural Posture**

    This case arises from a series of alleged constitutional and state law violations committed by members of the Office of the Attorney General of the

---

[1]  Doc. 40.
[2]  Doc. 173.  Because Plaintiffs raise the issue of substitution in both motions, the Court will decide them together in this opinion.
[3]  Since the parties are familiar with the underlying factual background of this case, the Court limits its discussion to those facts relevant to deciding the present motions.

Commonwealth of Pennsylvania ("OAG") against the Plaintiffs.[4]  Plaintiffs

initiated this action on May 20, 2015, naming various officers of the OAG, and the

OAG itself, as defendants (collectively "Defendants").[5]  One of the original named

defendants was Robert B. Stewart, III ("Mr. Stewart"), who later passed away on

November 16, 2017.[6]  The original complaint raised seven counts of alleged

constitutional and state law violations.[7]  Of these counts, one claim was for the

common law tort of conversion.[8]

On December 21, 2017, Plaintiffs filed the Amended Complaint.  The

Amended Complaint added several new counts, although it inexplicably omitted

Plaintiffs' conversion claim.  The Amended Complaint also consolidated

Plaintiffs' claims with those raised in a separate proceeding by one of Plaintiff

Brian Bolus's businesses, Minuteman Spill Response, Inc. ("Minuteman Spill

Response").[9]  As a result, Minuteman Spill Response's claims (assigned to Brian

Bolus) were joined as a party to the present action.

---

[4]   The named Plaintiffs in the original complaint include Brian Bolus, Karen Bolus, and their son
      P.B.  Doc. 1 at ¶¶ 4-13.
[5]   *Id.*
[6]   Doc. 40 at ¶ 10.
[7]   Doc. 1 at ¶¶ 139-143.
[8]   Doc. 40.
[9]   *Id.* Minuteman Spill Response was one of several Minuteman companies owned by Brian
      Bolus.  Doc. 163 at 1.  After filing for bankruptcy in April 2014, Minuteman Spill Response
      subsequently initiated a suit against the Defendants; the rights of ownership to this proceeding
      were assigned to Brian Bolus as part of the bankruptcy plan. *Id.* at 2.  The claims of Minuteman
      Spill Response and the Bolus's were ultimately consolidated by the Amended Complaint.  Doc.
      40.

The Amended Complaint also identified two other companies owned by Brian Bolus, Minuteman Environmental Services, Inc. ("Minuteman Environmental Services") and Minuteman Towing, Inc. ("Minuteman Towing"). However, the Amended Complaint did not list either entity as parties.[10]  Thus, at this point, the Amended Complaint named only four Plaintiffs: (1) Brian Bolus; (2) Karen Bolus; (3) their son, P.B.; and (4) the assigned claims of Minuteman Spill Response.

Further, the Amended Complaint both named Mr. Stewart as a party and acknowledged his recent death.[11]  But despite knowing of Mr. Stewart's death in December 2017, Plaintiffs did not petition the Pennsylvania Register of Wills to designate a personal representative to represent Mr. Stewart's estate until over two years later in January 2020.[12]  The process of raising an estate for Mr. Stewart only began after Defendants filed a motion for summary judgment on December 19, 2019 arguing that Mr. Stewart was not a proper party to the suit.[13]  Nan E. Stewart ("Ms. Stewart") was named as the personal representative of Mr. Stewart's estate

---

[10]   The Amended Complaint states that Minuteman Spill Response also "did business as" Minuteman Environmental, but does not list Minuteman Environmental as an individual party. *Id.* at ¶ 7.  Minuteman Environmental is named in the caption of the Amended Complaint as follows:  "MINUTEMAN   SPILL   RESPONSE,   INC.,   a/k/a   MINUTEMAN ENVIRONMENTAL, c/o BRIAN J. BOLUS, Assignee."   Similarly, though Minuteman Towing is listed in the caption, the Amended Complaint only states that Minuteman Spill Response was "affiliated with" Minuteman Towing, and does not list Minuteman Towing as an actual party.  *Id.*

[11]   *Id.* at ¶ 10.

[12]   Doc. 179 at 8.

[13]   Doc. 180 at 4; Doc. 140-2.

on January 15, 2020.[14]  But it was only after this Court denied Defendants' motion for summary judgment on February 20, 2020 that Defendants filed a formal suggestion of death.[15]

Plaintiffs subsequently filed a motion to amend on February 24, 2020,[16] and a motion to substitute on April 29, 2020.[17]

### B.    2018 Scheduling Order

On July 19, 2018, this Court issued a scheduling order setting a deadline for amended pleadings on October 29, 2018.[18]  At no point did Plaintiffs petition the Court to extend this deadline.

### C.    Second Amended Complaint

Plaintiffs' Second Amended Complaint proposes four changes.  First, it adds both Minuteman Towing and Minuteman Environmental Services as plaintiffs.[19]  Second, it substitutes Ms. Stewart, as the executrix of Mr. Stewart's estate, for Mr.

---

[14]  Doc. 179 at 8; Doc. 142-2.

[15]  Doc. 147.

[16]  Doc. 148.

[17]  Doc. 173.  Ms. Stewart has also filed a motion in connection to this matter to construe a brief submitted on behalf of Mr. Stewart as having been written on behalf of Ms. Stewart.  Doc. 185. Because this opinion dismisses Ms. Stewart from the action, the Court denies her motion.

[18]  Doc. 71 at ¶ 3.

[19]  Plaintiffs initially stated that they would simply add the word "Services" to the end of "Minuteman Environmental" as it is listed in the caption.  However, they have since argued that Minuteman Environmental Services is in fact a separate plaintiff.  Doc. 168 at 7.  Because Minuteman Environmental Services was named using an "a/k/a" designation in the caption and was not formally listed as a party in Plaintiffs' Amended Complaint, the Court will treat this proposed amendment as attempting to join Minuteman Environmental Services as a party. The Court does the same for Minuteman Towing because, despite being named in the caption, Minuteman Towing does not appear to have been formally joined as it was not listed as a party within the body of the Amended Complaint itself.  Doc. 40.

Stewart as a party.[20]  Third, it re-adds Plaintiffs' conversion claim and includes a new claim under the Excessive Fines Clause of the Eighth Amendment.[21]  Fourth, it removes Joshua Shapiro, the current Attorney General of the Commonwealth of Pennsylvania, and the OAG as parties.[22]

## II.    DISCUSSION

### A.    Governing Standard: Rule 15(a) and Rule 16(b)

Leave to amend is usually governed by Rule 15 of the Federal Rules of Civil Procedure.  Rule 15(a) states that once a party has exhausted their right to amend, that party "may amend its pleading only with the opposing party's written consent or the court's leave."[23]  The Rule further states that leave to amend "shall be freely given when justice so requires."[24]  Rule 15(a) is to be construed broadly; "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[25]  "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'"[26]

---

[20]  Doc. 148-3.

[21]  *Id.*

[22]  Because the Court has already dismissed these parties, Plaintiffs' motion to amend is granted insofar as it removes Joshua Shapiro and the OAG as defendants.  Doc. 73.

[23]  Fed. R. Civ. P. 15(a)(2).

[24]  *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded.").

[25]  *Backof v. New Jersey State Police*, 92 Fed. Appx. 852, 858 (3d Cir. 2004) (quoting *Foman*, 371 U.S. at 182).

[26]  *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

"However, [Rule 15(a)] is in some tension with the rule that governs scheduling orders, Federal Rule of Civil Procedure 16."[27]  Rule 16(b) provides that, once a district court has issued a scheduling order, that order may be modified "only for good cause and with the judge's consent."[28]  And the United States Court of Appeals for the Third Circuit has made clear that parties seeking to amend their complaint after a scheduling deadline has passed must first satisfy the "good cause" standard of Rule 16(b).[29]  Once the party has demonstrated good cause, only then will the court consider their request to amend under the more liberal standard of Rule 15(a).[30]

Neither party contests that amended pleadings were due by October 29, 2018.[31]  It is thus indisputable that Plaintiffs' motion to amend, filed nearly 16 months after the Court's deadline, is untimely.[32]  Consequently, Plaintiffs' motion will only be granted if Plaintiffs can show good cause to modify this Court's scheduling order under Rule 16(b).  If they can make such a showing, the Court will then consider Plaintiffs' motion under Rule 15(a).

---

[27]  *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).
[28]  Fed. R. Civ. P. 16(b)(4).
[29]  *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).
[30]  *Id.* (internal citations omitted).
[31]  Doc. 71.
[32]  Doc. 148.

## B.      Standard of Review: Rule 16(b)

As stated above, a district court's scheduling order "may be modified only for good cause."[33]  The moving party bears the burden of establishing "good cause."[34]  Analysis under Rule 16(b)(4) "focuses on the diligence of the party seeking the modification of the scheduling order."[35]  Accordingly, if the moving party "was not diligent, there is no 'good cause' for modifying the scheduling order."[36]

Further, "[c]arelessness, or attorney error . . . is insufficient to constitute 'good cause' under Rule 16(b)."[37]  And where "the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent."[38]  This presumption "may be rebutted by a cogent explanation as to why the proposed amendment was not included in the original pleading."[39]  But in the absence of diligence, there is no "good cause."[40]

---

[33]  Fed. R. Civ. P. 16(b)(4).

[34]  *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010).

[35]  *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (internal citations omitted); *see Sang Geol Lee v. Won Il Park*, 720 Fed. Appx. 663, 669 (3d Cir. 2017) (affirming the district court's decision to deny leave to amend because the moving party's attorney was "not diligent in seeking amendment").

[36]  *Banks v. City of Philadelphia*, 309 F.R.D. 287, 290 (E.D. Pa. 2015) (quoting *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007 (Robreno, J.)).

[37]  *Id.*  (quoting *Chancellor*, 501 F. Supp. 2d at 701-02).

[38]  *Price*, 737 F. Supp. 2d at 279 (citing *Chancellor*, 501 F. Supp. 2d at 702).

[39]  *Id.*  (citing *Chancellor*, 501 F. Supp. 2d at 702).

[40]  *Chancellor*, 501 F. Supp. 2d at 702.

### C.    Analysis

Plaintiffs fail to demonstrate good cause for any of their proposed amendments.  Because Plaintiffs' motion fails at step one, the Court will only analyze the motion under Rule 16(b).[41]

### 1.    Joining Minuteman Environmental and Minuteman Towing as Plaintiffs

Plaintiffs have not shown good cause to join Minuteman Environmental and Minuteman Towing as parties to the action.  Plaintiffs argue that Minuteman Environmental and Minuteman Towing were *always* parties because Minuteman Spill Response is "the holding company and alter ego of" Minuteman Environmental and Minuteman Towing.[42]  Plaintiffs also claim that the two Minuteman entities had already been joined as parties because Minuteman Spill Response "[i]nadvertently" "pleaded facts and claims on behalf of" the two entities when Minuteman Spill Response filed its original separate claim against the Defendants.[43]

Plaintiffs' arguments are unavailing for two reasons.  First, Plaintiffs cite no law to support their arguments.  And second, Plaintiffs entirely fail to address the question of good cause.  Brian Bolus owned and operated all three of the

---

[41]  The Court will analyze Plaintiffs' attempt to substitute Ms. Stewart as a party for Mr. Stewart under both Rule 16(b) and Rule 25(a), which governs the substitution of parties.  The Court does so because Plaintiffs' Motion to Substitute argues that substitution is proper under Rule 25(a).  Doc. 173 at ¶ 2.

[42]  Doc. 168 at 8.  Plaintiffs imply that they are simply seeking to correct a textual error within the Amended Complaint.  The Court does not agree.

[43]  *Id.*

Minuteman entities prior to commencing this action.  Plaintiffs are thus presumptively not diligent because they knew these entities could be joined as parties at the outset of litigation.  And they fail to offer any explanation, other than their "looseness and sloppiness," for why they failed to correct this mistake for over two years.[44]  Plaintiffs have not satisfied the "good cause" standard of Rule 16(b).  Their motion to amend to join Minuteman Environmental and Minuteman Towing as parties is thus denied.

### 2.      Substituting Defendants' Estate

Plaintiffs' motions to substitute Ms. Stewart as a party are also denied.  The Court analyzes these motions under both Rule 16(b) (for the motion to amend) and Rule 25(a) (for the motion to substitute).

### a.      Rule 16(b)

Plaintiffs' have not shown good cause to substitute Ms. Stewart as a party.  Plaintiffs do not address good cause within their briefing.  Nevertheless, they argue that substitution is appropriate because they "engaged in good faith efforts to secure the appointment of Ms. Stewart as the executrix of [Mr.] Stewart's estate."[45]

Even if this were true, it is simply not enough to satisfy Rule 16(b).  Though Plaintiffs may have acted in good faith, they offer no explanation as to why their

---

[44]   Doc. 168 at 13.
[45]   Doc. 149 at 10.

good faith efforts took over two years to bear fruit.[46]  Mr. Stewart died on

November 16, 2017; but Plaintiffs only petitioned the Register of Wills to

designate a personal representative in December 2019, over two years later.  And

Plaintiffs only filed their motion to amend in February 2020, nearly 26 months

after Mr. Stewart died.  The Court cannot find that a 26-month delay demonstrates

diligence on behalf of the Plaintiffs.  Plaintiffs' motion to amend to substitute Ms.

Stewart as a party is thus denied.

### b.      Rule 25(a)

Plaintiffs' motion to substitute Ms. Stewart as a party under Rule 25 is also

denied.  Rule 25 governs the substitution of parties.[47]  It states that "[i]f a party dies

and the claim is not extinguished, the court *may* order substitution of the proper

party."[48]  To timely file a motion for substitution, a party must file within "90 days

after service of a statement noting the death."[49]  A party thus has 90 days to file

from when "[d]eath of a party is suggested by written notice on the record."[50]  A

---

[46]   An explanation would have been particularly helpful for Plaintiffs in light of the fact that it took only two days for the Register of Wills to process Plaintiffs' petition to designate Ms. Stewart as Mr. Stewart's personal representative.

[47]   Fed. R. Civ. P. 25.

[48]   Fed. R. Civ. P. 25(a) (emphasis added).

[49]   *Id.*

[50]   Fed. R. Civ. P. 25(a) Commentary.  It is unclear what form a suggestion of death must take to satisfy the requirements of Rule 25(a).  The Tenth Circuit holds that "[m]ere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution."  *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990) (citing *Kaldawy v. Gold Serv. Movers, Inc.*, 129 F.R.D. 475, 477 (S.D.N.Y. 1990)).  But because addressing this question is not necessary to deciding this motion, the Court will assume without deciding that Plaintiffs' Amended Complaint served as a formal suggestion of death on the record.

party's death may be suggested by *any* party, but, importantly, the 90-day period is only triggered once that suggestion is served upon both parties *and* the non-party representative of the deceased.[51]

"Nevertheless, Rule 25 does not shield a dilatory party. Where a plaintiff is aware of the death of the defendant and the identity of the party to be substituted but waits for an inordinate time to move for substitution, the motion may be denied notwithstanding the absence of a formal suggestion of death on the record."[52] Because Rule 25(a) is discretionary, the Court *may* permit substitution of a party, but it is not required to.[53]

Here, though Plaintiffs' Amended Complaint constitutes a formal suggestion of death, it was not, as Defendants concede, served on Ms. Stewart or her attorney. The 90-day period thus was not triggered until Defendants filed a formal suggestion of death on the record and served it on all parties and relevant nonparties.[54]  However, the Court exercises its discretion to deny Plaintiffs' motion to substitute because the Plaintiffs have acted with undue delay.  Plaintiffs waited over two years in seeking substitution for Mr. Stewart.  They offer no justification

---

[51]  *See Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012) ("Rule 25(a)(3) requires that both the motion to substitute and the suggestion of death be served pursuant to Rule 5 for parties and pursuant to Rule 4 for nonparties.").
[52]  *Id.*  (citing *Miles, Inc. v. Scripps Clinic & Research Foundation*, 810 F. Supp. 1091, 1102 (S.D. Cal. 1993)).
[53]  Fed. R. Civ. P. 25(a).
[54]  Doc. 147.

for this delay.  Consequently, the Court cannot grant Plaintiffs motion to substitute Ms. Stewart as a party.

### 3.   Causes of Action

#### a.   Eighth Amendment

Plaintiffs have not shown good cause to add an additional cause of action under the Eighth Amendment.  Plaintiffs argue that the relatively recent case of *Timbs v. Indiana*,[55] decided on February 20, 2019, justifies their delay.  They seek to add a new claim against the Defendants alleging that they violated the Excessive Fines Clause of the Eighth Amendment.  Further, Plaintiffs argue that they only became aware of the factual basis that would underly an Excessive Fines Clause claim while discovery was ongoing.

The Court cannot grant this motion because Plaintiffs entirely fail to explain why their motion to amend was filed nearly a year after *Timbs* was decided. Though Plaintiffs may have only recently discovered that grounds exist to assert an Eighth Amendment claim, they have omitted any discussion demonstrating why they have only attempted to amend their complaint now.  This is insufficient to establish good cause.  Accordingly, their motion to amend to add an Excessive Fines Clause claim is denied.

---

[55]  139 S. Ct. 683 (2019).  *Timbs* incorporated the Excessive Fines Clause of the Eighth Amendment under the Fourth Amendment's Due Process Clause against the States.  *Id.* at 686-87.

### b.    Conversion

Finally, Plaintiffs have not shown good cause to add a claim for conversion. When a party "simply wants to add a new cause of action based on the same facts found within the initial complaint," they are not diligent.[56]  It is self-evident that Plaintiffs base their conversion claim on the same facts as those in the original and Amended Complaint—Plaintiffs included the conversion claim *in their original complaint*.  Their failure to correct this error for over two years demonstrates a clear lack of diligence on behalf of Plaintiffs.  The Court thus finds that Plaintiffs have not shown good cause under Rule 16(b) and their motion to amend to add a claim for conversion is denied.

## III.    CONCLUSION

Plaintiffs' motions to file a Second Amended Complaint and to substitute Mr. Stewart as a Defendant are denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[56]    *Sang Geoul Lee*, 720 Fed. App. at 669.