IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN BOLUS, *et al.*, | | No. 4:15-CV-01062 |
| Plaintiff, | | (Judge Brann) |
| v. | | |
| AMY CARNICELLA, *et al.*, | | |
| Defendant. | | |

## MEMORANDUM OPINION

### OCTOBER 29, 2020

Pending before this Court is Plaintiffs'[1] motion to compel.  Plaintiffs' ask the Court to compel Defendants[2] to produce five grand-jury transcripts currently in Defendants' possession.[3]  The motion is now ripe for disposition; for the reasons that follow, Plaintiffs' motion to compel is denied.

## I.    BACKGROUND

### A.    Factual Background

In January 2013, attorneys from the Office of the Attorney General of the Commonwealth of Pennsylvania ("OAG") initiated two grand-jury investigations,

---

[1]    Plaintiffs in this case are: Brian Bolus, Karen Bolus, their son Preston Bolus, and Minuteman Spill Response, Inc (collectively "Plaintiffs").  Doc. 40.

[2]    Defendants in this case involve various former and current employees and officers of the Office of the Attorney General of the Commonwealth of Pennsylvania, including: Amy Carnicella, Richard Bosco, David Ellis, Christopher Antonucci, Kathleen Kane, and Paul Zimmerer (collectively "Defendants").  Doc. 162 at 1.

[3]    Doc. 151.

one against Plaintiff Brian Bolus and the other against Plaintiff Minuteman Spill Response.[4]  Following these investigations, the OAG brought criminal charges against both Plaintiffs for alleged violations of environmental and other law.[5]

The criminal prosecution ultimately faltered, however, and eighty-one of the eighty-three charges brought against Plaintiffs were nolle prossed or dismissed voluntarily.[6]  Plaintiffs subsequently commenced this action.[7]  They raise constitutional and state-law claims, including malicious prosecution, against Defendants.[8]

### B.      Plaintiffs' First Petition to Access the Grand-Jury Transcripts

This motion arises from five grand jury-transcripts sought by Plaintiffs.  In February 2018, Plaintiffs served a broad request for documents on Defendants.[9]  Though agreeing to produce most documents, Defendants refused to disclose certain materials that they claimed were protected by grand-jury secrecy.[10]  These materials included the five transcripts at issue in this motion.[11]  In an email, Defendants claimed they were prohibited from releasing these documents by the Pennsylvania Investigation Grand Jury Act ("IGJA").[12]  However, Defendants

---

[4]   Doc. 152 at 2.
[5]   *Id.* at 2-3.
[6]   Doc. 40 at ¶ 157.
[7]   *See generally id.*
[8]   *See generally id.*
[9]   Doc. 152-1.
[10]   Doc. 152 at 3-4.
[11]   *Id.* at 7.
[12]   Doc. 152-2.  The IGJA, in relevant part, forbids disclosure of grand-jury materials absent permission from the judge who supervised the grand jury.  42 Pa. C.S. §§ 4541, *et seq.*

agreed to release the materials if Plaintiffs obtained an order from the judge who supervised the grand juries permitting Defendants to disclose them.[13]

Plaintiffs soon after filed two petitions with the supervising judge seeking permission to access "all documents relating to" the grand jury.[14]  They asserted, without explanation, that the court was to determine their petition under Federal Rule of Criminal Procedure 6(e) rather than under the IGJA.[15]  Plaintiffs argued that disclosure was appropriate under Rule 6(e), but failed to discuss the applicability of state law.  In opposition, Defendants contended that Plaintiffs had invoked the wrong standard and that state law, not federal, governed.[16]  They maintained that the IGJA prohibited Defendants from disclosing the documents to Plaintiffs.[17]

The supervising judge of the grand juries ultimately denied Plaintiffs' petitions.[18]  Although the precise basis for the court's determination is unclear, the court's order denying Plaintiffs' petitions noted that Plaintiffs were "already in

---

[13]   Doc. 152-2.

[14]   Doc. 103 at 4 (quoting Docs. 61-3, 61-4).  "All documents relating to" the grand jury included "transcripts of essentially all of its proceedings; all 'documents that were referenced or otherwise relied on' by all grand jury witnesses; and all 'documents responsive to [Plaintiffs'] discovery request."  *Id.* (quoting Docs. 61-3, 61-4) (alterations in original).

[15]   Doc. 152-4 at ¶ 25.

[16]   Doc. 152-7 at 4.

[17]   *Id.* at 5.  Plaintiffs also cited the Pennsylvania Supreme Court case, *In re Investigating Grand Jury of Philadelphia County, Appeal of Philadelphia Rust Proof Co.*, 437 A.2d 1128 (Pa. 1981) ("*Rust Proof*").  *Rust Proof* interpreted the IGJA as forbidding courts from disclosing grand-jury materials to parties for the purpose of civil litigation.  *Id.* at 1131.

[18]   Doc. 152-10; Doc. 152-11.

possession of more materials . . . than would have otherwise been authorized" by the court.[19]

## C.   Plaintiffs' Second and Third Petition

Following this denial, Plaintiffs filed a motion asking this Court to compel Defendants to disclose, among other things, the five grand-jury transcripts.[20] Citing *Camiolo v. State Farm Fire and Casualty Co.*,[21] this Court abstained from ruling on the motion as it related to the grand jury materials.[22]  The Court explained that Plaintiffs would need to petition the state court again before the Court could rule on their motion to compel.[23]

Plaintiffs then filed their second petition in state court, this time specifically seeking disclosure of the five grand-jury transcripts.[24]  Plaintiffs again asserted, with little discussion, that "federal, rather than state, rules of privilege apply."[25] Defendants did not formally object.[26]  Nevertheless, the court partially granted and partially denied Plaintiffs' petition.  Though the court still refused to authorize

---

[19]  Doc. 66-11.

[20]  Doc. 61.

[21]  334 F.3d 345 (3d Cir. 2003).

[22]  Doc. 103 at 3.  The Court reasoned that abstention was proper even though Plaintiffs had already attempted to discover the transcripts using state procedures because Plaintiffs had narrowed the scope of their request since filing their first petition.  *Id.*  at 5.  Because their first petition to the state court was quite broad, the Court believed Plaintiffs would be better positioned in a subsequent petition.  *Id.*

[23]  *Id.*

[24]  Doc. 152 at 7-8; Doc. 152-12.

[25]  Doc. 152-12 at ¶ 37 (citing *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 397 (E.D. Pa. 1991)).

[26]  Doc. 152 at 8.

direct disclosure, it permitted Plaintiffs to access the transcripts only to the extent that Defendants planned to use them for the defense."[27]  Defendants subsequently refused to release the transcripts to Plaintiffs on the basis that Defendants do not currently plan to use the documents in their defense.[28]

Dissatisfied with this result, Plaintiffs petitioned the state court for a third time.  This petition again asked the court to release the transcripts, although it also sought to unseal the court's orders for purposes of bringing the present motion.[29] The court granted this petition for the limited purpose of bringing this motion to compel.[30]

Notably, the court's final order also elaborated on the court's reasoning in denying Plaintiffs' second and third petitions.  Specifically, the court clarified that its decisions were based on state law.[31]  It cited the *Rust Proof* decision from the Supreme Court of Pennsylvania, as well as Pennsylvania Rule of Criminal Procedure 230 for the proposition that disclosure was prohibited by the IGJA.[32] The court also noted that Plaintiffs failed to file an appeal or a motion for reconsideration to challenge the previous orders.[33]

---

[27]   Doc. 152-18 (emphasis added).
[28]   Doc. 152 at 10.
[29]   Doc. 152-18.  According to the state court, the petition "basically challenge[d] the legal merits of [the court's order regarding Plaintiffs' second petition], advise[d] that the 'movants will likely challenge [the order] in the Federal Action,' and propose[d] that the order be unsealed to facilitate their prosecution of the federal action."  *Id.*
[30]   *Id.*
[31]   *Id.* at 2.
[32]   *Id.*
[33]   *Id.*

### D.     Present Motion

Plaintiffs subsequently brought this motion to compel.[34]  Their arguments are puzzling.  They appear to believe that the only question before the state court was whether the *federal* grand-jury privilege applied to the transcripts.[35]  Ignoring that the state court expressly premised its conclusion on state law, Plaintiffs argue that the court simply misinterpreted the federal grand-jury privilege under Federal Rule of Criminal Procedure 6(e).[36]  In their view, it was inappropriate for the court to limit disclosure of the transcripts based on whether Defendants wished to use them for purposes of defense.[37]  Thus, Plaintiffs contend that: (1) the state court determined that the transcripts are not privileged under Rule 6(e); and (2) therefore, the only question before this Court is whether Plaintiffs may discover the transcripts under Federal Rule of Civil Procedure 26(b)(1).[38]

But Plaintiffs misstate the issue by resting their argument on the mistaken belief that the state court's determinations were in any way related to the federal grand-jury privilege.[39]  As the court clearly stated, its determinations were based on state law.  Accordingly, the issue here is not whether the transcripts are

---

[34]  *Id.*
[35]  Doc. 162 at 12.
[36]  *Id.* at 13.
[37]  *Id.*
[38]  *Id.* at 11-12.
[39]  The Court acknowledges its contribution to this confusion by stating in its previous order that the Court would allow the state court to determine the question of whether a grand-jury privilege applies.  Doc. 103 at 5.  The Court notes, however, that it did not, nor did it have authority to, direct the state court to analyze the question of privilege under federal law. Rather, the Court left all determinations of privilege to the discretion of the state court.  *Id.*

discoverable under Rule 26, but whether this Court has authority to set aside or overrule a state-court order determining that the transcripts are protected under *state law*.

In response, Defendants challenge Plaintiffs' motion on three grounds. They argue that: (1) Plaintiffs waived their right to challenge the state court's order by failing to appeal the decision in state court; (2) under *Younger v. Harris*,[40] the Court should abstain from issuing an order that would interfere with the state court's order; and (3) Plaintiffs have failed to demonstrate to this Court that the federal grand-jury privilege does not apply.[41]

## II.   DISCUSSION

This motion raises complex questions of law. At issue is whether this Court has authority to set aside a state court's order ruling that certain grand-jury materials are protected by state law. The discovery of grand-jury material in federal question cases, such as this one, is generally governed by federal common law.[42] Thus, a court usually need only decide whether the grand-jury privilege applies and whether a party has made a showing sufficient to vitiate (or sustain) that privilege under Rule 6(e).

---

[40]   401 U.S. 37 (1971).
[41]   Doc. 162 at 7-8.
[42]   *Wm. T. Thompson Co. v. General Nutrition Corp. Inc.*, 671 F.2d 100, 103 (3d Cir. 1982) (citing *Gannet v. First National State Bank of New Jersey*, 546 F.2d 1027 (3d Cir. 1976), *cert. denied*, 431 U.S. 954 (1977)).

But this is not an ordinary case.  Though the parties seem not to have recognized it, Plaintiffs' motion raises significant questions regarding federalism and constitutional law.[43]  As foreshadowed by the United States Court of Appeals for the Third Circuit's decision in *Camiolo*, Plaintiffs' motion implicates issues regarding the *Rooker-Feldman* doctrine, the Full Faith and Credit Act, principles of comity and federalism, and the Supremacy Clause.[44]

Ultimately, the Court concludes that it lacks subject-matter jurisdiction to determine Plaintiffs' motion under the *Rooker-Feldman* doctrine.[45]  Moreover, even if jurisdiction existed, Plaintiffs' motion would be precluded by res judicata.[46]

---

[43]  Beyond Defendants' abstention argument, neither party has briefed, or even mentioned, the constitutional and jurisdictional issues implicated by this case.

[44]  334 F.3d 345, 359 & n. 10 (3d Cir. 2003).

[45]  Because applicability of *Rooker-Feldman* would strip this Court of subject-matter jurisdiction to decide Plaintiffs' motion, the Court is obligated to address it sua sponte.  *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

[46]  Though Defendants have not raised the affirmative defense of res judicata, the Court believes a sua sponte analysis is appropriate in the interest of furthering judicial economy.  *See Arizona v. California*, 530 U.S. 392, 412 (2000); *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009) ("Out of concern for judicial economy and respect for the conclusions reached by other courts considering the same issues, courts 'have traditionally attached additional importance to the application of res judicata principles.'") (quoting *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068 (8th Cir. 1997)).  The Court also notes that other Circuits permit district courts to raise the question of res judicata even if the parties fail to argue it.  *E.g.*, *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 208 (4th Cir. 2013) ("Although no sister circuit appears to have directly addressed this issue either, courts have consistently described a district court's sua sponte consideration of a res judicata defense as permissible but not required.") (internal citations omitted); *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) ("Nor was it improper for the district judge to invoke res judicata even though the defendants had failed to argue it."); *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 398 n. 4 (2d Cir. 2003) ("[A] court is free to raise that defense [of res judicata] *sua sponte*, even if the parties have seemingly waived it."); *Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) ("[A] district court *may* invoke the doctrine of res judicata in the interests of, *inter alia*, the promotion of judicial economy.") (emphasis added); *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980).

Consequently, the Court declines to address the Supremacy Clause and comity questions necessary to resolving the merits of Plaintiffs' motion.

###    A.    Legal Background and Standard of Review

The first step this Court must take involves determining the appropriate standard of review under which to analyze Plaintiffs' motion.  The Third Circuit has not spoken to this question directly, although its decision in *Camiolo* offers useful guidance.  There, the Third Circuit held that, where a party seeks documents protected by state statute, that party must first attempt to access these documents using state procedures.[47]  Because the issue was not before the court, *Camiolo* reserved the question of the proper procedures a court should follow if a party complies with *Camiolo* but returns to federal court empty handed.  This is precisely the situation that the Court finds itself in.

Though in *dicta*, *Camiolo* offered guidance on how it might approach this question.  Acknowledging Pennsylvania's strong interest in grand-jury secrecy, the court explained that "notions of comity and federalism may continue to impact whether a district court may ultimately intrude into this sacrosanct area of state

---

[47]  *Id.* at 357.  This rule was and is consistent with all other Circuit decisions addressing the same issue.  *E.g.*, *United States ex rel. Woodard v. Tynan*, 776 F.2d 250, 252 (10th Cir. 1985) (finding district court had discretion to order defendants to petition a state court to release documents in order to avoid deciding the "Supremacy and Full Faith and Credit Clause constitutional questions"); *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 644 (7th Cir. 1980) ("[W]hen state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continuing need for secrecy.").

criminal law."[48]  As a result, the court expressly rejected the Seventh Circuit's approach to this same issue; this approach "suggested that, if a party's request for disclosure of state grand jury material has been rejected by the supervising state court judge, the District Court presented with a motion to compel . . . merely need consider the applicability of [Rule 6(e)]."[49]

The *Camiolo* court acknowledged that this may ultimately be the appropriate course of action under the Supremacy Clause, but it hesitated to endorse such a rule without deeper analysis.[50]  Specifically, *Camiolo* expressed concern that simply assuming that the Supremacy Clause applied would "reduce the state court's purported decision to a mere formality."[51]  The court also appeared troubled that such an approach might not provide a state's interest in secrecy with "the deference and consideration that comity and federalism demand."[52]  To this end, *Camiolo* cautioned that subsequent motions to compel might face jurisdictional and procedural barriers under the *Rooker-Feldman* doctrine and the Full Faith and Credit Act.[53]

The Court finds the Third's Circuit's reasoning persuasive.  And the Court concludes that principles of federalism and comity require conducting a deeper

---

[48]  *Camiolo*, 334 F.3d at 357 n. 10 (citing *Younger*, 401 U.S. at 53-54).
[49]  *Id.* (citing *Grubisic*, 619 F.2d at 644-45).
[50]  *Id.*
[51]  *Id.*
[52]  *Id.*
[53]  *Id.* at 359 & n. 10.

analysis before assuming that the state court's decision is superseded under the Supremacy Clause.  The proper course of analysis in this case is therefore as follows.  First, the Court must determine whether it has subject-matter jurisdiction to decide Plaintiffs' motion under the *Rooker-Feldman* doctrine.  Second, if subject-matter jurisdiction does exist, the Court will determine whether Plaintiffs' motion is nevertheless precluded by res judicata.  Third, and finally, if Plaintiffs' motion is not barred, the Court will analyze whether the IGJA must give way to federal discovery rules under the Supremacy Clause.[54]

---

[54] The Court recognizes that other Circuits and district courts outside the Seventh Circuit have taken a different approach to this issue.  These courts have largely proceeded directly to the Supremacy Clause analysis (or bypassed it completely), and many conclude that conflicting state secrecy laws are superseded by federal discovery rules.  Regardless, this Court is governed by the Third Circuit, and in any event, finds the reasoning in *Camiolo* to be more persuasive.  *E.g.*, *United States v. One Parcel of Property Located at 31-33 York Street, Hartford, Conn.*, 930 F.2d 139, 141 (2d Cir. 1991) (holding that the federal interest in eradicating the drug trade outweighed a state's interest in maintaining the confidentiality of arrest records); *United States ex rel. Woodard v. Tynan*, 757 F.2d at 1090 ("A state order cannot foreclose a federal court from access to materials if a federal district court determines that disclosure is essential in a case properly before it."); *United States v. Silva*, 745 F.2d 840, 845 (4th Cir. 1984) ("While the parties have not mentioned Rule 6(e) in their briefs, it is clearly the governing standard regarding the production of federal grand jury testimony, and we feel it provides an appropriate framework for analyzing the issue at hand."); *Grubisic*, 619 F.2d at 644-45 ("[F]ederal law determines the scope of the privilege covering these materials, and the requirement that these plaintiffs first seek disclosure through the avenues available to them in the state court does not give the state courts a veto over disclosure in this federal civil rights case."); *Goldstein v. City of Long Beach*, 603 F. Supp. 2d 1242, 1251-52 (C.D. Cal. 2009) (proceeding directly to analyzing disclosure of materials protected by state statute under federal law); *Shell v. Wall*, 760 F. Supp. 545, 547 (W.D.N.C. 1991) (applying Rule 6(e)); *United States v. Thorne*, 467 F. Supp. 938, 941 (D. Conn. 1979) (holding that a state secrecy statute was superseded by federal discovery rules under the Supremacy Clause).

### B.   Analysis

Plaintiffs' motion fails under both the *Rooker-Feldman* doctrine and res judicata.  Accordingly, the Court does not reach the Supremacy Clause analysis or address Defendants' abstention arguments.[55]

### 1.   *Rooker-Feldman*

This Court lacks subject-matter jurisdiction to adjudicate Plaintiffs' motion to compel.  The United States Supreme Court is vested with exclusive federal jurisdiction over appeals from final state-court judgments.[56]  Federal district courts are thus precluded from exercising appellate jurisdiction over state-court determinations.[57]  Known as the *Rooker-Feldman* doctrine, this rule is premised on the limited jurisdiction of federal district courts and the principle that only the Supreme Court has power to hear an appeal from a state court.[58]

Actions are barred by *Rooker-Feldman* under two circumstances.  "The first is when the federal claim was actually litigated in state court before the federal action was filed."[59]  And the second "is when 'the federal claim is inextricably intertwined with the state adjudication, meaning federal relief can only be predicated upon a conviction that the state court was wrong.'"[60]  The Third Circuit

---

[55]   "[A] federal court can abstain from exercising its jurisdiction only if it has jurisdiction to abstain from."  *Hamilton v. Bromley*, 862 F.3d 329, 332 (3d Cir. 2017).

[56]   *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (citing 28 U.S.C. § 1257).

[57]   *Id.*

[58]   *Id.*

[59]   *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 346 (M.D. Pa. 2010) (quoting *In re Madera*, 586 F.3d 228, 231 (3d Cir. 2009)).

[60]   *Id.* (quoting *In re Madera*, 586 F.3d at 231).

has further identified "two situations when a federal claim is 'inextricably intertwined' with an issue adjudicated in state court: '(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief; or (2) the federal court must take an action that would negate the state court's judgment.'"[61]

Plaintiffs' motion falls within this category of cases because it is "inextricably intertwined" with the issue decided by the state court. This is so regardless of what issue the state court actually decided. If the state court based its ruling on state law, then Plaintiffs essentially ask the Court to negate the order by directing disclosure broader than that permitted by the state court. On the other hand, even if the state court did base its ruling under federal law (as Plaintiffs have asserted), Plaintiffs' motion asks the Court to reverse the order as erroneous and as a misapplication of Rule 6(e). Either way Plaintiffs' have it, their motion is inextricably intertwined with the state court's order and is subject to the limitations of *Rooker-Feldman*.

Plaintiffs' motion also satisfies the requirements set forth in *Exxon Mobil v. Saudi Basic Industries*.[62] There, the Supreme Court held that the *Rooker-Feldman* doctrine is only applicable to "cases of the kind from which the doctrine acquired its name."[63] The Court clarified that this "kind" of case referred to those where

---

[61]   *Id.* (quoting *In re Madera*, 586 F.3d at 231).
[62]   544 U.S. 280, 284 (2005).
[63]   *Id.*

four criteria were present. *Rooker-Feldman* thus applies solely: (1) in "cases brought by state-court losers"; (2) "complaining of injuries caused by state-court judgments"; (3) "rendered before the district court proceedings commenced"; and (4) "inviting district court review and rejection of those judgments."[64]

The *Exxon Mobil* criteria are met here. First, Plaintiffs are state-court losers. Plaintiffs attempt to avoid this designation by asserting that their petition was, in fact, granted. They claim that the state court determined that the grand-jury privilege under Rule 6(e) was not applicable; consequently, they argue that they are not appealing the court's order, but merely enforcing it against Defendants. As discussed above, this argument is unpersuasive. The state court made clear that its determination was based on *state law*. And Plaintiffs may not reframe the basis of their petition to try to redefine the outcome. They asked the state court to disclose the five transcripts. The state court refused. On these facts, the Court can only conclude that Plaintiffs' petition was denied.

Second, Plaintiffs are complaining of injuries caused by the state court's judgment. Defendants have agreed to release the transcripts to the extent permitted by state law. To Plaintiffs' chagrin, the state court established that state law does not permit broader disclosure of the transcripts. The main point of issue here is consequently not whether Defendants wrongfully withhold the transcripts, but

---

[64] *Id.*

whether the state court's order validly prohibited Defendants' from releasing them. Accordingly, the Court finds Plaintiffs' motion is complaining of an injury caused by the state court.

Third, the state court decision was rendered before the district court proceedings commenced.  On its face, this factor may seem to be absent because Plaintiffs filed this action in federal court before petitioning the state court to disclose the transcripts.  But the Court believes that such a broad construction of the term "proceedings" is inappropriate.[65]  Here, Plaintiffs filed their petition in state court to disclose the transcripts before this Court was able to rule on the matter.  Though the entire litigation began in federal court, the Court was compelled to defer ruling on the discoverability of the transcripts until the state court was able to enter judgment.[66]  Because the state court entered final judgment before Plaintiffs filed this motion, the Court finds that the state-court judgment was rendered before federal proceedings were initiated.

Fourth, Plaintiffs' motion invites district court review and rejection of the state court judgment.  As discussed above, Plaintiffs are asking the Court to overrule or ignore the state court's determination that the five transcripts should not be disclosed.  To rule in favor of Plaintiffs, this Court would either need to

---

[65] *See Reisinger*, 712 F. Supp. 2d at 351 (finding the third *Exxon Mobil* factor satisfied even where the plaintiffs filed suit in federal court before petitioning a state court to determine a related matter).

[66] *Camiolo*, 334 F.3d at 358-59.

determine that the state court ruling is irrelevant (because it has no bearing on the applicability of federal privileges) or that it is erroneous (because the state court misinterpreted federal law).  This is sufficient to establish the final *Exxon-Mobil* factor.

Accordingly, Plaintiffs' motion to compel is denied.

### 2.    Full Faith and Credit Act

Even if the Court did not lack subject matter jurisdiction under *Rooker-Feldman*, Plaintiffs' motion is barred by res judicata.[67]  The Full Faith and Credit Act, in force since 1790,[68] prescribes that all judicial proceedings "shall have the same full faith and credit in every court within the United States."[69]  Regarding court judgments, "the full faith and credit obligation is exacting."[70]  "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgement, qualifies for recognition throughout the land. For claim and issue preclusion (res judicata) purposes . . . the judgment of the rendering State gains nationwide force."[71]

Full faith and credit "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of

---

[67] The Supreme Court has noted the close connection between preclusion and the *Rooker-Feldman* doctrine.  *Lance*, 546 U.S. at 466.

[68] *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 232 n. 4 (1998).

[69] 28 U.S.C. § 1738.

[70] *Baker by Thomas*, 522 U.S. at 233.

[71] *Id.* (citing *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996)).

the State from which the judgments emerged."[72]  Thus, because the state-court

order in this case came from a Pennsylvania court, the Court will apply

Pennsylvania preclusion rules.[73]

"The Supreme Court of Pennsylvania has explained that res judicata 'bars a

later action on all or part of the claim which was the subject of the first action.'"[74]

Further, the Supreme Court of Pennsylvania has established that "[r]es judicata

applies not only to claims actually litigated, but also to claims which could have

been litigated during the first proceeding if they were part of the same cause of

action."[75]  To establish res judicata, "Pennsylvania courts require that the two

actions share the following four conditions: (1) the thing sued upon or for; (2) the

cause of action; (3) the persons and parties to the action; and (4) the capacity of the

parties to sue or be sued."[76]

Only the second factor is at issue in this case.[77]  Nevertheless, the Court

concludes that this factor is satisfied and that res judicata bars Plaintiffs' motions.

"Pennsylvania courts have held that the mere advancement of a different legal

---

[72]  *Id.* at 246 (Kennedy, J., concurring).

[73]  *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006); *see Lance*, 546 U.S. at 466 ("Congress has directed federal courts to look principally to *state* law in deciding what effect to give state-court judgments.").

[74]  *Turner*, 449 F.3d at 548 (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (1995)).

[75]  *Id.* (quoting *Balent*, 669 A.2d at 313).

[76]  *Id.* (quoting *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974)).

[77]  The "thing sued upon or for" in both actions is the disclosure of the grand-jury transcripts. Further, Plaintiffs refer to Defendants as "parties" to the petitions pending before the state court, and both parties have capacity in both actions.  Doc. 152 at 5.

theory does not necessarily give rise to a different cause of action."[78]  "[R]ather than resting upon the specific legal theory invoked, *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims."[79]  "[I]n determining whether a single cause of action is present one may consider the identify of the acts complained of, the demand for recovery, the identity of witnesses, documents, and facts alleged."[80]

Plaintiffs' petition to the state court and present motion share the same cause of action.  Plaintiffs' petition and motion both complain of the same act: Defendants' failure to disclosure the grand-jury transcripts.  Both actions also demand the same relief and rely on the same facts.  Nothing in Plaintiffs' motion suggests that it raises a cause of action separate from that already litigated and decided in state court.  The Court thus concludes that Plaintiffs' motion is precluded and barred by res judicata.

## III.   CONCLUSION

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[78]   *Turner*, 449 F.3d at 549 (citing *McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. 1993)).
[79]   *Id.* (quoting *McArdle*, 627 A.2d at 1222).
[80]   *Id.* (quoting *McArdle*, 627 A.2d at 1222).