IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN J. BOLUS, *et al.*, | No. 4:15-CV-01062 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| AMY CARNICELLA, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

DECEMBER 2, 2020

Pending before this Court is Plaintiffs'[1] motion seeking to modify a court-ordered deadline under Federal Rule of Civil Procedure 16, or, in the alternative, asking this Court to reconsider a previous order denying Plaintiffs' leave to amend their complaint.[2]

This motion is now ripe for consideration; for the foregoing reasons, Plaintiffs' motion is denied.

I.   BACKGROUND

Seeking to remedy alleged constitutional and state law violations committed by employees of the Office of the Attorney General of the Commonwealth of Pennsylvania, Plaintiffs commenced this action against Defendants in May 2015.[3]

---

[1] Plaintiffs are Brian J. Bolus, Karen Bolus, their son Preston Bolus, and Minuteman Spill Response (owned by Brian Bolus).  Doc. 40.
[2] Doc. 206; Doc. 199 (order denying Plaintiffs' motion to amend).
[3] Doc. 1.  Defendants are various employees of the Office of the Attorney General.  Doc. 40.

Since the case began, the Court has issued several scheduling orders and case management plans setting forth various deadlines.[4]  One such deadline, set on July 19, 2018, stated that all amended pleadings were due on October 29, 2018.[5]  Prior to this motion, neither party petitioned the Court to alter this deadline.

On December 21, 2017, well before the October 2018 deadline had past, Plaintiffs filed the first Amended Complaint.[6]  The Amended Complaint, among other things, added and subtracted several counts and joined new parties to the action.[7]  Plaintiffs did not file any more amended pleadings before October 29, 2018, nor did they ever ask this Court to revise or extend the October 2018 deadline.

Then, on February 24, 2020, nearly sixteen months after the October 2018 deadline had passed, Plaintiffs sought leave to file the Second Amended Complaint.[8]  In their motion, Plaintiffs based the entirety of their argument on the standard set forth by Federal Rule of Civil Procedure 15(a), which generally governs leave to amend.  And neither party ultimately mentioned or referenced the Rule 16 "good cause" standard, which governs modifications to a district court's scheduling orders.

---

[4]  *E.g.*, Doc. 49 (Feb. 2018); Doc. 71 (July 2019); Doc. 79 (Oct. 2018); Doc. 82 (Dec. 2018).
[5]  Doc. 71.
[6]  Doc. 40.
[7]  *Id.*
[8]  Doc. 148.

Even though neither party raised the issue, the Court found it necessary under controlling precedent to apply the Rule 16 good-cause standard before reaching any discussion of Rule 15. Given Plaintiffs' failure to address, let alone show, good cause, the Court denied their motion for failure to satisfy Rule 16.[9] Plaintiffs subsequently filed this motion.[10]

## II.   LEGAL STANDARD

The threshold question before this Court is which standard or standards of review to apply to Plaintiffs' motion. The motion makes two related requests: (1) it seeks to modify the October 2018 deadline for filing amended pleadings; and (2) in the alternative, it asks this Court to reconsider its order denying Plaintiffs' leave to amend. Because these two requests require the Court to revisit and overrule its past order denying leave to amend, the Court will only grant Plaintiffs' motion if they can satisfy the requirement of a motion for reconsideration.[11]

---

[9] Doc. 199. The Court granted Plaintiffs' motion insofar as it sought to remove defendants that this Court had previously dismissed from the case on other grounds. *Id.* (granting leave to amend "to the extent that [the Second Amended Complaint] dismisses the Office of the Attorney General of the Commonwealth of Pennsylvania and Joshua Shapiro as Defendants.").

[10] Doc. 206.

[11] Specifically, the Court notes that the first request implicates the law of the case doctrine because it essentially attempts to relitigate an issue already decided by this Court (namely, whether good cause exists for the Court to modify the October 2018 deadline to allow Plaintiffs leave to amend). This doctrine "expresses the practice of courts generally to refuse to reopen what has been decided." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) (quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). To overcome the law of the case doctrine, a movant must establish "extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Pub. Interest Res. Grp. of N.J., Inc. v. Magnesium Elektron*, 123 F.3d 111, 116 (3d Cir. 1997) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). Because this standard overlaps with the standard for seeking a motion for reconsideration under the Federal Rules of Civil Procedure, and because Plaintiffs entirely fail to mention the issue, the Court concludes that Plaintiffs have

## III. DISCUSSION

Typically, a final judgment "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[12] However, when dealing with a nonfinal, interlocutory order, courts have much broader authority to revise the order "when consonant with justice to do so."[13] Because this Court's order denying Plaintiffs' motion seeking leave to amend is not a final judgment, it constitutes an interlocutory order and will be governed under the broader "consonant with justice" standard.[14]

"Before entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision."[15] Significantly, "a motion for reconsideration is 'not to be used as a

---

    not sufficiently shown that the Court's decision was clearly erroneous or would work a manifest injustice.

[12] *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)

[13] *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)); *see In re Energy Future Holdings Corp.*, 904 F.3d 298, 310-11 (3d Cir. 2018) ("We have, on occasion, stated that lower courts 'possess[] inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.'") (quoting *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 417 (3d Cir. 2016) (Jordan, J. dissenting) (alterations in original)).

[14] Plaintiffs only briefly cite to Local Rule 7.10 for the proposition that the Court may reconsider its order. Doc. 207 at 9. However, the proper vehicle for reconsideration is Federal Rule of Civil Procedure 54, which provides the Court with discretion to "modify any earlier order." *Confer v. Custom Engineering Co. Employee Health Ben. Plan*, 760 F. Supp. 75, 77 (W.D. 1991); *citing Juzwin v. Amtorg, Trading Corp.*, 718 F. Supp. 1233, 1234 (D.N.J. 1989)).

[15] *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (citing *Confer*, 760 F. Supp. at 77).

means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'"[16] In other words, "[a] reconsideration motion should not be used to try to get a 'second bite at the apple,' or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question."[17]

Like in their motion to amend, Plaintiffs' arguments fall flat because they fail to identify and apply the proper legal standard.[18] Instead of addressing why the Court should reconsider its previous determination, they proceed directly to relitigating whether good cause exists to modify the October 2018 deadline. But Plaintiffs had the opportunity to litigate good cause; whether by mistake or strategy, they failed to do so. Now, on a motion for reconsideration, Plaintiffs need to show more than just that they would be successful on the merits had they actually applied the appropriate legal standard the first time around. Because Plaintiffs have not made such a showing, the Court cannot find that reconsideration would be consonant with justice.

The closest Plaintiffs have to any real argument for reconsideration is that they lacked notice of the Rule 16 standard.[19] But, even taken at face value, this

---

[16] *Id.* (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

[17] *Id.* (cleaned up) (quoting *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010) *and McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

[18] The irony is noted.

[19] Plaintiffs repeatedly acknowledge that they were unaware that Rule 16 applied. Without so saying, their briefing suggests that it was inappropriate for the Court to apply this standard at

argument is meritless because a failure to adequately research or understand the law does not constitute good cause.  Moreover, courts are not bound to apply an improper standard of review simply because both parties failed to brief it.  "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."[20]  And here, the parties' inability to identify the appropriate legal standard is insufficient justification for this Court to ignore basic and widely available rules of civil procedure.

    Moreover, the standard of review this Court applied was not novel or unique.  Indeed, the United States Court of Appeals for the Third Circuit has repeatedly affirmed district courts that applied Rule 16 to motions seeking leave to amend when those motions were filed after scheduling-order deadlines had past.[21]  Though the Third Circuit only recently clarified that Rule 16 analysis is mandatory and not permissive in such situations,[22] it is merely the last Circuit to do so; every

---

    all.  *E.g.*, Doc. 207 at 7 ("This omission occurred in part because the good cause requirement of Rule 16 was not raised in Opposition to the Motion to Amend."); *see, e.g.*, *id.* at 10 (referring to the Court's application of the appropriate standard of review as a "*sua sponte* invocation").

[20] *Kamen v. Kemper Fin. Servs. Inc.*, 500 U.S. 90, 99 (1991) (citing *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77 (1990)).

[21] *E.g.*, *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (affirming the district court's decision to apply the good-cause standard of Rule 16(b) before reaching Rule 15(a)); *Eastern Minerals & Chem. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (same); *see, e.g.*, *Dimensional Comm. Inc. v. OZ Optics, Ltd.*, 148 Fed. Appx. 82, 85 (3d Cir. Aug. 12, 2005) (citing *Mahan*, 225 F.3d at 340) (same).

[22] *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has

other Circuit in the United States and its Territories has adopted this standard.[23] Plaintiffs, at the very least, should have been aware that such an issue might arise when seeking to amend their complaint nearly sixteen months after the court-ordered deadline for amended pleadings had past.

Further, Plaintiffs cite no new law or facts that would support their request for reconsideration. The only facts they point to are those that could have been raised at the time they initially filed their motion to amend. Given this, the Court cannot find that modifying its scheduling order to allow Plaintiffs to amend their complaint is consonant with justice. Accordingly, Plaintiffs' motion to modify and for reconsideration is denied.

## IV.   CONCLUSION

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

passed, the 'good cause' standard of [Rule 16] applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.").

[23] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-55 (1st Cir. 2004); *Leary v. Daeschner*, 349 F.3d 888, 906, 909 (6th Cir. 2003); *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).